## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNIQUE PRODUCT<br>SOLUTIONS, LIMITED<br>c/o BDB AGENT CO.<br>3800 Embassy Parkway, Suite 300<br>Akron, Ohio 44333<br><br>    Relator<br><br>vs.<br><br>ACUSHNET COMPANY<br>d/b/a PINNACLE, TITLEIST and<br>FOOTJOY<br>333 Bridge Street<br>Fairhaven, MA 02719-0965<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE:<br><br><br>COMPLAINT AND JURY DEMAND |

### COMPLAINT AND JURY DEMAND

*Qui tam* relator Unique Product Solutions, Limited ("UPS"), for its Complaint against

Defendant Acushnet Company d/b/a Pinnacle, Titleist and FootJoy ("Defendant"), alleges as

follows:

### BACKGROUND

1.    This is an action for false patent marking under Title 35, Section 292, of the

United States Code.

2.    Defendant has violated 35 U.S.C. § 292(a) by marking articles with invalid

and unenforceable patent rights with the purpose of deceiving the public.  More specifically,

the Defendant has marked upon, affixed to, and/or used in advertising in connection with

such products the word "patent" and/or words or numbers importing that the product is

patented, while Defendant knew, or reasonably should have known, that the articles were

improperly marked. *See, The Forest Group, Inc. v. Bon Tool Co.*, 590 F.2d 1295, 1302-04 (Fed. Cir., 2009).

      3.      35 U.S.C. § 292 exists to provide the public with notice of a party's valid and enforceable patent rights.

      4.      False marking deters innovation and stifles competition in the marketplace.  More specifically, falsely marked articles that are otherwise within the public domain deter potential competitors from entering the same market and confuse the public.

      5.      False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement.

      6.      False marking can cause unnecessary investment in costly "design arounds" or result in the incurring of unnecessary costs to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

      7.      False marking deceives the public into believing that a patentee controls the article in question, and permits the patentee to impermissibly extend the term of its monopoly.

      8.      False marking also increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article.  More specifically, in each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable.

      9.      False markings may also create a misleading impression that the falsely marked product is technologically superior to other available products, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

      10.      35 U.S.C. § 292 specifically authorizes *qui tam* actions to be brought by any

person on behalf of the United States government.  By permitting members of the public to sue on behalf of the government, Congress allows individuals to help control false marking when the U.S. government does not have the resources to do so.

## THE PARTIES

11.     UPS is an Ohio limited liability company with a mailing address of BDB Agent Co., 3800 Embassy Parkway, Akron, Ohio 44333.

12.     UPS exists to conduct all lawful business, including but not limited to enforcing the false marking statute as specifically permitted by 35 U.S.C. § 292.

13.     In this action, UPS represents the United States and the public, including Defendant's existing and future competitors.

14.     Upon information and belief, Defendant is a Delaware corporation with its principal place of business at 333 Bridge Street, Fairhaven, Massachusetts 02719.

15.     Defendant, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units, regularly conducts and transacts business throughout the United States, including in Ohio and within the Northern District of Ohio.

## JURISDICTION AND VENUE

16.     This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17.     This Court has personal jurisdiction over Defendant. Defendant has conducted and does conduct business within the State of Ohio.  Defendant, directly or through subsidiaries or intermediaries, offers for sale, sells, marks and/or advertises the products that are the subject of this Complaint in the United States, the State of Ohio, and the Northern District of Ohio.

18.     Defendant has voluntarily sold the products that are the subject of this Complaint in this District, either directly to customers in this District or through intermediaries with the expectation that the products will be sold and distributed to customers in this District. These products have been and continue to be purchased and used by consumers in the Northern District of Ohio.  Defendant has committed acts of false marking within the State of Ohio and, more particularly, within the Northern District of Ohio.

19.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1395(a), because (i) Defendant's products that are the subject matter of this cause of action are advertised, marked, offered for sale, and/or sold in various retail stores and/or on the Internet in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendant is subject to personal jurisdiction in this District, as described above.

20.     UPS brings this action under 35 U.S.C. § 292, which expressly provides that any person may sue for the civil monetary penalties imposed for each false patent marking offense.

## FACTS

21.     UPS  incorporates by reference the foregoing paragraphs as if fully set forth herein.

22.     Upon information and belief, Defendant is a relatively large, sophisticated company.

23.     Upon information and belief, Defendant has, or regularly retains, sophisticated legal counsel, including intellectual property counsel.

24.     Upon information and belief, Defendant, and its related entities, have years of experience applying for patents, obtaining patents, licensing patents, litigating in patent infringement lawsuits, and marking its products with its patents.

25.     Upon information and belief, throughout its history, Defendant, and its related

entities, have obtained and maintained a number of U.S. patents. Specifically, it is believed that Defendant is currently listed as the assignee of over 1,200 U. S. patents.

26.     Upon information and belief, Defendant maintains, or its intellectual property counsel maintains on Defendant's behalf, an intellectual property docketing system with respect to Defendant's intellectual property rights, including Defendant's patents.

27.     Defendant knows that 35 U.S.C. § 292 prohibits a person from marking a product with an expired patent number.

28.     Each false marking on the products identified in this Complaint is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

29.     Defendant's false marking of its products has wrongfully stifled competition with respect to such products thereby causing harm to UPS, the United States, and the public.

30.     Defendant has wrongfully and illegally advertised patent monopolies which it does not possess and, as a result, has benefited by maintaining a substantial market share with respect to the products referenced in this Complaint.

31.     Defendant has violated 35 U.S.C. § 292, which prohibits a person from marking a product with an expired patent number.

## COUNT 1

### FALSE MARKING

32.     United States Patent No. 4,779,387 (the "387 Patent"), titled *Method and apparatus for automatically buffing a golf ball,* was issued by the United States Patent and Trademark Office ("USPTO") on October 25, 1988.  See Exhibit A.

33.     The '387 Patent expired no later than February 5, 2008, more than 2 years ago.

34.     Upon information and belief, Defendant knew or reasonably should have known that the '387 Patent expired at least as early as 2008.

35.     As of May 20, 2010, Defendant continues to sell, import or offer for sale the following products (collectively, the "Marked Products I"), which are marked with the '387 Patent, or mark the products with the '387 Patent, despite the fact that the '387 Patent expired more than 2 years ago: (i) Pinnacle Gold FX Long golf balls, (ii) Pinnacle Platinum Distance golf balls, and (iii) Pinnacle Platinum Feel golf balls. *See* Exhibit B (containing copies of receipts for the Marked Products I, which were purchased in the District on May 20, 2010 and May 29, 2010, respectively, and photographs of the products).

36.     Upon information and belief, Defendant is selling or offering for sale additional products marked with the '387 Patent, which expired more than 2 years ago.

37.     Defendant falsely marked the Marked Products I with the '387 Patent, which expired over 2 years ago.

38.     Defendant knew or reasonably should have known that marking the Marked Products I with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

39.     Defendant intended to deceive the public by marking or causing to be marked the Marked Products I with a patent that expired more than 2 years ago.

40.     United States Patent No. 4,865,326 (the "326 Patent"), titled *Optical brightners in golf ball clear coatins,* was issued by the USPTO on September 12, 1989.  See Exhibit C.

41.     The '326 Patent expired no later than September 24, 2007, more than 2 years ago.

42.     Upon information and belief, Defendant knew or reasonably should have known that

the '326 Patent expired at least as early as 2007.

43.     As of May 20, 2010, Defendant continues to sell, import or offer for sale the Marked Products I, which is marked with the '326 Patent, or mark the products with the '326 Patent, despite the fact that the '326 Patent expired more than 2 years ago.  *See* Exhibit B (containing copies of receipts for the Marked Products I,  which were purchased in the District on May 20, 2010 and May 29, 2010, respectively, and photographs of the products).

44.     Upon information and belief, Defendant is selling or offering for sale additional products marked with the '326 Patent, which expired more than 2 years ago.

45.     Defendant falsely marked the Marked Products I with the '326 Patent, which expired over 2 years ago.

46.     Defendant knew or reasonably should have known that marking the Marked Products I with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

47.     Defendant intended to deceive the public by marking or causing to be marked the Marked Products I with a patent that expired more than 2 years ago.

48.     United States Patent No. 4,955,613 (the "'613 Patent"), titled *Process for manufacturing practice golf balls,* was issued by the USPTO on February 26, 1991.  See  Exhibit D.

49.     The '613 Patent expired no later than September 28, 2009, more than 8 months ago.

50.     Upon information and belief, Defendant knew or reasonably should have known that the '613 Patent expired at least as early as 2009.

51.     As of May 20, 2010, Defendant continues to sell, import or offer for sale the Marked Products I, which is marked with the '613 Patent, or mark the products with the '613 Patent, despite the

fact that the '613 Patent expired more than 8 months ago.  *See* Exhibit B (containing copies of receipts for the Marked Products I,  which were purchased in the District on May 20, 2010 and May 29, 2010, respectively, and photographs of the products).

52.     Upon information and belief, Defendant is selling or offering for sale additional products marked with the '613 Patent, which expired more than 8 months ago.

53.     Defendant falsely marked the Marked Products I with the '613 Patent, which expired over 8 months ago.

54.     Defendant knew or reasonably should have known that marking the Marked Products I with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

55.     Defendant intended to deceive the public by marking or causing to be marked the Marked Products I with a patent that expired more than 8 months ago.

56.     United States Patent No. 4,960,281 (the "'281 Patent"), titled *Golf ball,* was issued by the USPTO on  October 2, 1990.  See  Exhibit E.

57.     The '281 Patent expired no later than October 17, 2009, more than 7 months ago.

58.     Upon information and belief, Defendant knew or reasonably should have known that the '281 Patent expired at least as early as 2009.

59.     As of May 20, 2010, Defendant continues to sell, import or offer for sale the Marked Products I, which is marked with the '281 Patent, or mark the products with the '281 Patent, despite the fact that the '281 Patent expired more than 7 months ago.  *See* Exhibit B (containing copies of receipts for the Marked Products I,  which were purchased in the District on May 20, 2010 and May 29, 2010, respectively, and photographs of the products).

60.     Upon information and belief, Defendant is selling or offering for sale additional products marked with the '281 Patent, which expired more than 7 months ago.

61.     Defendant falsely marked the Marked Product I with the '281 Patent, which expired over 7 months ago.

62.     Defendant knew or reasonably should have known that marking the Marked Products I with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

63.     Defendant intended to deceive the public by marking or causing to be marked the Marked Products I with a patent that expired more than 7 months ago.

64.     United States Patent No. 4,988,280 (the "'280 Patent"), titled *Apparatus for stripping molded U-shaped article from injection mold,* was issued by the USPTO on January 29, 1991. See Exhibit F.

65.     The '280 Patent expired no later than June 26, 2009, more than 11 months ago.

66.     Upon information and belief, Defendant knew or reasonably should have known that the '280 Patent expired at least as early as 2009.

67.     As of May 20, 2010, Defendant continues to sell, import or offer for sale the Marked Products I, which is marked with the '280 Patent, or mark the products with the '280 Patent, despite the fact that the '280 Patent expired more than 11 months ago. *See* Exhibit B (containing copies of receipts for the Marked Products I,  which were purchased in the District on May 20, 2010 and May 29, 2010, respectively, and photographs of the products).

68.     Upon information and belief, Defendant is selling or offering for sale additional products marked with the '280 Patent, which expired more than 11 months ago.

69.     Defendant falsely marked the Marked Products I with the '280 Patent, which expired over 11 months ago.

70.     Defendant knew or reasonably should have known that marking the Marked Products I with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

71.     Defendant intended to deceive the public by marking or causing to be marked the Marked Products I with a patent that expired more than 11 months ago.

72.     United States Patent No. 5,000,459 (the "'459 Patent"), titled *Golf ball cover*, was issued by the USPTO on March 19, 1991.  See Exhibit G.

73.     The '459 Patent expired no later than July 5, 2009, more than 10 months ago.

74.     Upon information and belief, Defendant knew or reasonably should have known that the '459 Patent expired at least as early as 2009.

75.     As of May 20, 2010, Defendant continues to sell, import or offer for sale the Marked Products I, which is marked with the '459 Patent, or mark the products with the '459 Patent, despite the fact that the '459 Patent expired more than 10 months ago. *See* Exhibit B (containing copies of receipts for the Marked Products I,  which were purchased in the District on May 20, 2010 and May 29, 2010, respectively, and photographs of the products).

76.     In addition to the Marked Products I, as of May 28, 2010, Defendant continues to sell, import or offer for sale the following product ("Marked Product II"), which is marked with the '459 Patent, or mark the products with the '459 Patent, despite the fact that the '459 Patent expired more than 10 months ago: Titleist HP3 Control golf balls. *See* Exhibit H (containing a copy of a receipt for the Marked Product II, which was purchased in the District on May 28, 2010, and photographs of the product).

77.    Upon information and belief, Defendant is selling or offering for sale additional products marked with the '459 Patent, which expired more than 10 months ago.

78.    Defendant falsely marked the Marked Products I and Marked Product II with the '459 Patent, which expired over 10 months ago.

79.    Defendant knew or reasonably should have known that marking the Marked Products I and Marked Product II with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

80.    Defendant intended to deceive the public by marking or causing to be marked the Marked Products I and Marked Product II with a patent that expired more than 10 months ago.

81.    United States Patent No. 5,018,742 (the "'742 Patent"), titled *Golf ball clear coating with optical brighteners,* was issued by the USPTO on May 28, 1991. *See* Exhibit I.

82.    Upon information and belief, the '742 Patent expired on September 12, 2006, more than 3 years ago, due to Defendant disclaiming the subsequent portion of the term thereof. *See* Exhibit I.

83.    Notwithstanding the above, the '742 Patent expired no later than April 28, 2009, more than 1 year ago.

84.    Upon information and belief, Defendant knew or reasonably should have known that the '742 Patent expired at least as early as 2006.

85.    As of May 20, 2010, Defendant continues to sell, import or offer for sale the Marked Products I, which is marked with the '742 Patent, or mark the products with the '742 Patent, despite the fact that the '742 Patent expired more than 3 years ago. *See* Exhibit B (containing copies of receipts for the Marked Products I,  which were purchased in the District on May 20, 2010 and May 29, 2010, respectively, and photographs of the products).

86.     Upon information and belief, Defendant is selling or offering for sale additional products marked with the '742 Patent, which expired more than 3 years ago.

87.     Defendant falsely marked the Marked Products I with the '742 Patent, which expired over 3 years ago.

88.     Defendant knew or reasonably should have known that marking the Marked Products I with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

89.     Defendant intended to deceive the public by marking or causing to be marked the Marked Products I with a patent that expired more than 3 years ago.

90.     United States Patent No. 5,080,367 (the "367 Patent"), titled *Golf ball,* was issued by the USPTO on January 14, 1992.  See Exhibit J.

91.     Upon information and belief, the '367 Patent expired on June 26, 2007, more than 2 years ago, due to Defendant disclaiming the subsequent portion of the term thereof. *See* Exhibit J.

92.     Upon information and belief, Defendant knew or reasonably should have known that the '367 Patent expired at least as early as 2007.

93.     As of May 20, 2010, Defendant continues to sell, import or offer for sale the following products (collectively, the "Marked Products III"), which are marked with the '367 Patent, or mark the products with the '367 Patent, despite the fact that the '367 Patent expired more than 2 years ago: (i) Titleist DT Solo golf balls, (ii) Titleist NXT golf balls, and Titleist NXT Tour golf balls. *See* Exhibit K (containing copies of receipts for the Marked Products III,  which were purchased in the District on May 28, 2010 and May 29, 2010, respectively, and photographs of the products).

94.     Defendant updated its packaging for the Marked Products III  during 2010 to reflect a

copyright date of 2010, but continued mark the Marked Products III with the '367 Patent which expired over 2 years ago.

95.     Upon information and belief, Defendant is selling or offering for sale additional products marked with the '367 Patent, which expired more than 2 years ago.

96.     Defendant falsely marked the Marked Products III with the '367 Patent, which expired over 2 years ago.

97.     Defendant knew or reasonably should have known that marking the Marked Products III with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

98.     Defendant intended to deceive the public by marking or causing to be marked the Marked Products III with a patent that expired more than 2 years ago.

99.     United States Patent No. D314,643 (the "'643 Patent"), titled *Golf glove,* was issued by the USPTO on February 12, 1991. See Exhibit L.

100.    The '643 Patent expired no later than February 12, 2005, more than 5 years ago.

101.    Upon information and belief, Defendant knew or reasonably should have known that the '643 Patent expired at least as early as 2005.

102.    As of May 20, 2010, Defendant continues to sell, import or offer for sale the following product (the "Marked Product IV"), which is marked with the '643 Patent, or mark the products with the '643 Patent, despite the fact that the '643 Patent expired more than 5 years ago: FootJoy SciFlex golf glove. *See* Exhibit M (containing a copy of a receipt for the Marked Product IV, which was purchased in the District on May 20, 2010, and photographs of said product).

103.    Upon information and belief, Defendant is selling or offering for sale additional

products marked with the '643 Patent, which expired more than 5 years ago, including, without limitation, FootJoy WaterSof brand golf gloves.

104.    Defendant falsely marked the Marked Product IV  with the '643 Patent, which expired over 5 years ago.

105.    Defendant knew or reasonably should have known that marking the Marked Product IV with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

106.    Defendant intended to deceive the public by marking or causing to be marked the Marked Product IV with a patent that expired more than 5 years ago.

107.    United States Patent No. 4,949,970 (the "'970 Patent"), titled *Golf practice putting device,* was issued by the USPTO on August 21, 1990.  See Exhibit N.

108.    The '970 Patent expired no later than February 23, 2010, more than 3 months ago.

109.    Upon information and belief, Defendant knew or reasonably should have known that the '970 Patent expired at least as early as February, 2010.

110.    As of May 29, 2010, Defendant continues to sell, import or offer for sale the following product, which is marked with the '970 Patent, or mark the products with the '970 Patent, despite the fact that the '970 Patent expired more than 3 months ago: Pinnacle Platinum Distance golf balls ("Platinum Distance Product").  *See* Exhibit B (containing a copy of a receipt for the Platinum Distance Product, which was purchased in the District on May 29, 2010, and photographs of said product).

111.    Upon information and belief, Defendant is selling or offering for sale additional products marked with the '970 Patent, which expired more than 3 months ago.

112.    Defendant falsely marked the Platinum Distance Product with the '970 Patent, which

expired over 3 months ago.

113.    Even if the '970 Patent were valid and enforceable, the Platinum Distance Product is not covered by the '970 Patent, which relates to a golf practice putting device, not golf balls. *See* Exhibit N.

114.    Defendant knew or reasonably should have known that marking the Platinum Distance Product with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

115.    Defendant intended to deceive the public by marking or causing to be marked the Platinum Distance Product with a patent that did not cover the product and expired more than 3 months ago.

116.    United States Patent No. 4,949,976 (the "'976 Patent"), titled *Multiple dimple golf ball,* was issued by the USPTO on August 21, 1990.  See Exhibit O.

117.    The '976 Patent expired no later than October 13, 2008, more than 1 year ago.

118.    Upon information and belief, Defendant knew or reasonably should have known that the '976 Patent expired at least as early as 2008.

119.    As of May 29, 2010, Defendant continues to sell, import or offer for sale the following product, which is marked with the '976 Patent, or mark the products with the '976 Patent, despite the fact that the '976 Patent expired more than 1 year ago: Pinnacle Platinum Feel golf balls ("Platinum Feel Product"). *See* Exhibit B (containing a copy of a receipt for the Platinum Feel Product, which was purchased in the District on May 29, 2010, and photographs of said product).

120.    Upon information and belief, Defendant is selling or offering for sale additional products marked with the '976 Patent, which expired more than 1 year ago.

121.    Defendant falsely marked the Platinum Feel Product with the '976 Patent, which expired over 1 year ago.

122.    Defendant knew or reasonably should have known that marking the Platinum Feel Product with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

123.    Defendant intended to deceive the public by marking or causing to be marked the Platinum Feel Product with a patent that did not cover the product and expired more than 1 year ago.

124.    United States Patent No. 5,060,954 (the "'954 Patent"), titled *Multiple dimple golf ball,* was issued by the USPTO on October 29, 1991. See Exhibit P.

125.    Upon information and belief, the '954 Patent expired on August 21, 2007, more than 2 years ago, due to Defendant disclaiming the subsequent portion of the term thereof. *See* Exhibit P.

126.    Upon information and belief, Defendant knew or reasonably should have known that the '954 Patent expired at least as early as 2007.

127.    As of May 29, 2010, Defendant continues to sell, import or offer for sale the following products (collectively, the "Platinum Products"), which are marked with the '954 Patent, or mark the products with the '954 Patent, despite the fact that the '954 Patent expired more than 2 years ago: (i) Platinum Distance Product, and (ii) Platinum Feel Product. *See* Exhibit B (containing a copy of a receipt for the Platinum Products, which were purchased in the District on May 29, 2010, and photographs of said products).

128.    Upon information and belief, Defendant is selling or offering for sale additional products marked with the '954 Patent, which expired more than 2 years ago.

129.    Defendant falsely marked the Platinum Products with the '954 Patent, which expired

over 2 years ago.

130.    Defendant knew or reasonably should have known that marking the Platinum Products with an expired and invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

131.    Defendant intended to deceive the public by marking or causing to be marked the Platinum Products with a patent that did not cover the product and expired more than 2 years ago.

## PRAYER FOR RELIEF

WHEREFORE, Relator, Unique Product Solutions, Limited requests the Court, pursuant to 35 U.S.C. § 292, to:

A.    Enter judgment against Defendant and in favor of UPS for the violations alleged in this Complaint;

B.    Enter an injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from further violating 35 U.S.C. § 292 by marketing, selling or offering for sale any product that is marked (including packaging) with the '387 Patent, the '326 Patent, the '613 Patent, the '281 Patent, the'280 Patent, the '459 Patent, the '742 Patent, the '367 Patent, the '643 Patent, the '970 Patent, the '976 Patent and/or the '954 Patent;

C.    Enter an injunction ordering Defendant to recall all products, including, without limitation, the Marked Product I, the Marked Product II, the Marked Products III and the Marked Product IV, that Defendant has sold, caused to be sold or otherwise caused to be placed into commerce that were marked with the '387 Patent, the '326 Patent, the '613 Patent, the '281 Patent, the'280 Patent, the '459 Patent, the '742 Patent, the '367 Patent

'643 Patent, the '970 Patent, the '976 Patent and/or the '954 Patent, after the expiration dates of said patents;

D.     Order Defendant to pay a civil monetary fine of up to $500 per false marking violation, one-half of which shall be paid to the United States and one-half of which shall be paid to UPS;

E.     Enter a judgment and order requiring Defendant to pay UPS prejudgment and post-judgment interest on the damages awarded;

F.     Order Defendant to pay UPS's costs and attorney fees; and

G.     Grant UPS such other and further relief as it may deem just and equitable.


## DEMAND FOR JURY TRIAL

Relator demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.


DATED:  June 1, 2010                    Respectfully submitted:


                                        */s/ David J. Hrina*
                                        Mark J. Skakun, III (No. 0023475)
                                        David J. Hrina (No. 0072260)

                                        BUCKINGHAM, DOOLITTLE &
                                        BURROUGHS, LLP
                                        3800 Embassy Parkway
                                        Suite 300
                                        Akron, OH 44333
                                        Telephone: (330) 376-5300
                                        Facsimile: (330) 258-6559

                                        Counsel for Plaintiff
                                        Unique Product Solutions, Limited

«AK3:1029746_v1»